UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br>          Plaintiff,<br><br>    v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br>          Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER REVIEWING SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 13 |

   This matter involves insurance claims arising from an automobile collision.  Plaintiff Arryanne Moss ("Plaintiff"), proceeding *in forma pauperis* ("IFP"), filed this action against Defendants Infinity Insurance Company ("Infinity"), AWS Insurance Company ("AWS"), Lithia Chrysler, Jeep, Dodge of Santa Rosa ("Lithia"), and a number of Doe Defendants (collectively, "Defendants").  The Court previously granted Plaintiff's application to proceed IFP, but, upon the review required by 28 U.S.C. § 1915(e)(2), dismissed Plaintiff's two prior complaints with leave to amend, finding that the complaints failed to establish a basis for subject matter jurisdiction.  *See Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 6095254, at *1 (N.D. Cal. Oct. 16, 2015) ("*Moss II*"); *Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 5360294, at *1 (N.D. Cal. Sept. 11, 2015) ("*Moss I*").  Specifically, in its Order dismissing the First Amended Complaint ("FAC"), the Court concluded that while Plaintiff had adequately alleged the amount in controversy necessary for diversity jurisdiction for the purposes of Section 1915 review, she still failed to allege diversity of citizenship.  Plaintiff has since filed a Second Amended Complaint ("SAC").  (Dkt. No. 13.)  The SAC has cured the jurisdictional defects and Plaintiff has therefore met her burden of establishing subject matter jurisdiction for the purposes of Section 1915 review.  However, the SAC as written fails to state a claim upon which relief may be granted and therefore

still does not pass Section 1915 review.

## BACKGROUND

The factual background of this case was already addressed in the Court's Orders dismissing the earlier complaints. *Moss II*, 2015 WL 6095254, at *1-2; *Moss I*, 2015 WL 5360294, at *1-2. Aside from slight additions to the jurisdictional allegations, described below, the SAC does not allege any new facts that would alter the substance of the claims. Thus, the Court will not reiterate the factual allegations here and instead incorporates the factual background of the earlier Orders in full.

## LEGAL STANDARD

The Court must dismiss an IFP complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). And in any event, the Court has an independent obligation to address whether it has subject matter jurisdiction over the case. *See Valdez v Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider *sua sponte* whether [they] have subject matter jurisdiction").

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). A complaint must also comply with Rule 8, which requires the complaint to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1).

**DISCUSSION**

**I.     Subject Matter Jurisdiction**

To adequately allege diversity jurisdiction, the Plaintiff must allege facts sufficient to establish the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship. Only complete diversity is at issue. Turning to the citizenship allegations of the SAC, two of the parties are individuals, while the others are entity defendants. As set forth in the Court's Order reviewing the FAC, for purposes of diversity jurisdiction a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (1986). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (citations omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3fd 853, 857 (9th Cir. 2001).

The SAC now alleges that Plaintiff is a citizen and resident of Washington, though she resided in Sonoma County, California during the events described in the SAC. (Dkt. No. 13 ¶¶ 1, 7.) As in the FAC, Defendant Toth is alleged in the same paragraph to be a citizen and resident of Oregon, though she also resided in California during the relevant time period. (*Id.* ¶¶ 5, 11.) Thus, the SAC adequately alleges the citizenship of these parties.

As for the entity defendants, as described in the Court's Order reviewing the FAC, "[n]onnatural persons—*i.e.*, entities—have different rules." *Moss II*, 2015 WL 6095254, at *5. Corporate citizenship is governed by 28 U.S.C. § 1332(c)(1), which provides that a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. In contrast, partnerships, LLCs and other unincorporated associations are citizens of every state of which its owners/members are citizens.[1] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In determining the citizenship of parties, "much more than unsubstantiated, conclusory allegations" are required. *See Kirby Morgan, Inc. v. Hydrospace,*

---

[1] The only exception to this rule is for class actions brought pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(10), which provides that for CAFA purposes "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

1   *Ltd.*, No. CV 08-6531 PSG (FFMx), 2009 WL 32588, at *3 (C.D. Cal. Jan. 2, 2009).

2   Here, the SAC alleges that Infinity is incorporated in and has its principal place of business
3   in Alabama. (Dkt. No. 13 ¶¶ 2, 8.) Thus, Plaintiff has adequately alleged that Infinity is a citizen
4   of Alabama. Similarly, the SAC sufficiently alleges that AWS is a citizen of Illinois, as it alleges
5   that Illinois is both the state of incorporation and location of the principal place of business for
6   AWS. (*Id.* ¶¶ 3, 9.) While these facts are alleged on Plaintiff's information and belief, such
7   allegations are sufficient at this stage of the proceedings. *See Caroline Cas. Ins. Co. v. Team*
8   *Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (noting that if "the information necessary to
9   establish the diversity of the citizenship of [defendants] is not reasonably available" to a plaintiff,
10  she may plead citizenship on information and belief).

11  As for Lithia, in the FAC Plaintiff alleged that Lithia was of unknown form and alleged
12  that it does business in and is a citizen and resident of California, which was insufficient. *See*
13  *Moss II*, 2015 WL 6095254, at *5. Now in the SAC Plaintiff alleges that Lithia is "a citizen of the
14  State of California, and was and is, at all times hereinafter mentioned, a corporation, and an
15  automobile dealer and retailer qualified to do business in the State of California."[2] (*Id.* ¶ 4; *see*
16  *also id.* ¶ 10 (alleging that Lithia is a citizen of California).) Thus, the SAC alleges that Lithia is
17  a corporation but includes only a conclusory assertion that it is a citizen of California without
18  reference to a state of incorporation or principal place of business. Generally, this is not enough to
19  establish the citizenship of a defendant. *See, e.g.*, *Fairway Physicians Ins. Co. v. The Medical*
20  *Protective Co.*, No. CV 10-6651 PA (RCx), 2010 WL 3990477, at *2 (C.D. Cal. Oct. 12, 2010)
21  (rejecting the conclusory allegation that a corporate defendant was a citizen of a particular state
22  without allegations regarding state of incorporation and principal place of business). On the other
23  hand, the Court notes that Lithia Motors, Inc. appears to be a public corporation headquartered in
24  Oregon. *See Lithia Motors*, https://en.wikipedia.org/wiki/Lithia_Motors (last visited Nov. 4,
25  2015) (noting that Lithia Motors, Inc. was founded and headquartered in Oregon). *See also, e.g.*,

---

[2] In the paragraph describing Lithia, Plaintiff also includes a sentence about the state of incorporation and principal place of business for AWS. (Dkt. No. 13 ¶ 4.) The Court assumes this is a clerical error, as elsewhere Plaintiff repeatedly alleges that Lithia is a citizen of California and makes no connection between Lithia and Illinois. (*See id.* ¶¶ 4, 10.)

*Phillips v. Lithia Motors, Inc.*, No. 03-3109-HO, 2005 WL 1278850 (D. Or. May 25, 2005); *Kuhnle v. Lithia Motors, Inc.*, No. 08-6209-TC, 2008 WL 5155632 (D. Or. Dec. 5, 2008). Based on Plaintiff's general allegations of Lithia's citizenship in California and the possibility that Lithia is a citizen of Oregon, it appears unlikely that Lithia is a citizen of Washington State, like Plaintiff. Thus, there appears to be complete diversity between Plaintiff and Defendants. This is enough to establish diversity jurisdiction for the purposes of Section 1915 review. This determination is without prejudice to Defendants raising lack of subject matter jurisdiction after service.

## II.    Substance of the Claims

Turning to the substance of the claims, the SAC includes twelve causes of action. The first four causes of action allege breach of contract against Infinity, AWS, Lithia, and Toth, respectively. The next three allege breach of the implied covenant of good faith and fair dealing against Infinity, AWS, and, together, Lithia and Toth, respectively. The eighth, ninth, and tenth causes of action allege negligence against Infinity, AWS, and Lithia, respectively. The eleventh cause of action brings a claim under California Business & Professions Code Section 17200—the Unfair Competition Law—against Infinity, AWS, and Lithia, collectively. The final cause of action brings a claim under a claim under California Business & Professions Code Section 17500—false or misleading statements in advertising—against Infinity, AWS, and Lithia, collectively. The Court will address each set in turn.

### A.    *Breach of Contract*

The elements of a breach of contract action under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. *Buschman v. Anesthesia Bus. Consultants, LLC*, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).

#### 1.    Infinity

With respect to Infinity, Plaintiff has identified a contract to meet the first element—specifically, the automobile liability insurance contract that Plaintiff and Infinity entered into on

July 9, 2012. (Dkt. No. 13 ¶ 24.) Plaintiff alleges that the contract was in full force and effect on the day of the collision. (*Id.*) She has also adequately alleged her own performance. (*See id.* ¶ 26 (alleging that Plaintiff had made full payments on the Infinity policy).) Further, she alleges the fourth element—damages—inasmuch as she has not been able to recover the cost of her Jeep Liberty after its total loss despite having paid premiums on the policy. (*See id.* ¶¶ 28-29.)

However, the third element, Infinity's breach, is not adequately alleged. Plaintiff alleges that Infinity breached the insurance contract by "wrongfully and without due cause fail[ing] to pay the benefits due under said policy[.]" (*Id.* ¶ 28.) At the same time, and in contrast to the general and conclusory allegations that Infinity "wrongfully and without due cause" denied the benefits, Plaintiff alleges that in support of its denial Infinity "quoted and specifically relied on a provision of the insurance contract" which excluded from coverage loss caused to the insured automobile when it is "driven or used by any person who resides in your household or is a regular operator of the insured auto and such person is not listed or endorsed on the policy prior to loss." (*Id.*) Plaintiff alleges that her son, Liam, was driving the insured automobile and caused the accident. (*Id.* ¶ 13.) The SAC alleges that Toth knew that Plaintiff was residing with her minor children at the time she sold the policy to Plaintiff, but nowhere alleges that Liam was listed or endorsed on the policy. (*See id.* ¶¶ 17, 20.) As a result, the SAC fails to allege that Infinity breached the insurance contract by failing to provide benefits and instead appears to allege a valid contractual basis for the denial.[3] The SAC therefore fails to state a claim for breach of contract against Infinity for the purposes of Section 1915 review.

    2.  AWS

As for AWS, the contract identified is an insurance policy between AWS and Plaintiff to

---

[3] "Under California law, the terms of the Insurance Code apply to all automobile insurance policies." *Rombawa v. Allstate Ins. Co.*, No. C 93-3574-FMS, 1994 WL 324027, at *4 (N.D. Cal. June 22, 1994). The Insurance Code requires that automobile insurers offer uninsured motorist coverage, which provides bodily injury liability for accidents caused by uninsured drivers but does not apply to cover the insure to the automobile itself. *See* Cal. Ins. Code § 11580.2. The Court has not found any other provision of the Insurance Code that otherwise requires automobile insurers to cover the cost of damage to a vehicle caused by an uninsured driver, so the Insurance Code cannot save Plaintiff's claim.

provide "gap" insurance.[4] (*See id.* ¶ 18; *see also* Dkt. No. 9-1 at 2 (Plaintiff's purchase agreement indicating her intent to purchase a 72-month gap insurance contract from AWS, and notes that the gap contract is "part of this contract").) Plaintiff paid for the gap insurance at the time she purchased the car by paying $649 to AWS, and made all other payments thereafter. (*Id.* ¶¶ 18, 32.) Plaintiff has adequately alleged damages in the form of unpaid benefits owed. (*Id.* ¶ 33.) However, the claim against AWS suffers from the same defect as that against Infinity: the SAC generally alleges that the loss to Plaintiff's automobile was covered under the policy and AWS breached by failing to pay Plaintiff's timely claim for benefits (*id.* ¶ 32), but elsewhere alleges that AWS denied Plaintiff's claim for benefits "in a letter contending that there was no coverage due because [ ] Plaintiff's minor son [ ] was not a listed driver on the policy." (*Id.* ¶ 71.) In other words, Plaintiff does not plausibly allege that AWS breached the contract given that the SAC's allegations all support the inference that AWS validly denied coverage. If AWS's denial of coverage was a breach of contract, Plaintiff must allege why. Is it because Plaintiff's son was listed as an additional driver? Is it because the insurance policy covers accidents caused by unlisted drivers who live in Plaintiff's household? Is it a breach for some other reason? Without some allegations as to why AWS's conduct was a breach of the contract the cause of action fails to pass Section 1915 review.

### 3.  Lithia and Toth

Plaintiff's breach of contract causes of action against Lithia and Toth sound in breach of an oral agreement. Specifically, the "contract" that Plaintiff identifies is an oral promise that Toth made on Lithia's behalf that Infinity and AWS would pay Plaintiff for any loss incurred as a result of an accident involving her car. (*Id.* ¶¶ 35-36.) Plaintiff alleges that Lithia and Toth breached this provision of their "sales contract" with Plaintiff by "failing to assist Plaintiff to secure the benefits due to her" and also "breached their oral promises made to Plaintiff to cover Plaintiff's losses, in the event that there later arose any difficulty in receiving the benefits of the policies

---

[4] GAP insurance is "guaranteed automobile protection" insurance that "cover[s] the difference between what the insurance actually paid and the amount owed on the loan in the event of a total loss of the vehicle." *Gutierrez v. State Farm Ins. Co.*, No. 12-5846 PSG, 20

which the Defendants . . . actively persuaded Plaintiff to purchase[.]" (*Id.* ¶ 41; *see also id.* ¶ 47 (contending that Toth breached a promise made during the sale of the vehicle to assist Plaintiff in procuring insurance proceeds from Infinity and AWS).) These allegations are sufficient to withstand section 1915 review without prejudice to Defendants Lithia and Toth moving to dismiss.

### B.   *Breach of the Implied Covenant of Good Faith and Fair Dealing*

Every contract possess an implied covenant of good faith and fair dealing in which "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1988). Put another way, the "implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose." *Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal. App. 4th 335, 345 (2001). The implied covenant imposes obligations separate and apart from those set out in the terms of the contract, but are obligations that govern the manner in which the parties must discharge their contractual obligations. *See King v. Nat'l Gen. Ins. Co.*, --- F. Supp. 3d ----, No. 15-cv-00313-DMR, 2015 WL 5440826, at *10 (N.D. Cal. Sept. 15, 2015 (citation omitted). "[I]mplied terms should never be read to vary express terms" of a contract. *Carma Devs., Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992).

"In the context of an insurance contract, the implied covenant is often invoked by insureds against insurers who allegedly acted unfairly or in bad faith in denying coverage or compensation[.]" *King*, 2015 WL 5440826, at *10 (citation omitted); *see also Waters v. United Servs. Auto Ass'n*, 41 Cal. App. 4th 1063, 1070 (1996) ("The gravamen of a first party lawsuit is a breach of the implied covenant of good faith and fair dealing by refusing, without proper cause, to compensate the insured for a loss covered by the policy, or by unreasonably delaying payments due under the policy."). Under California law, a breach of the implied covenant in the insurance context has two elements: "(1) benefits due under the policy must have been withheld and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). Put another way, "[t]he test for determining whether an insurer is liable for breach of the implied covenant turns on whether the insurer's

alleged refusal or delay was unreasonable." *Nationwide Mut. Ins. Co. v. Ryan*, 36 F. Sup. 3d 930, 941 (N.D. Cal. 2014) (citation omitted). "[I]f there is no potential for coverage under the policy, a claim for bad faith cannot be brought." *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1158 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also Cal State Auto. Ass'n Int'l-Ins. Bureau v. Super. Ct.*, 184 Cal. App. 3d 1428, 1433 (1986) (noting that breach of the implied covenant is not established "without first establishing that coverage exists"). "Where benefits are withheld for proper cause, such as lack of coverage under the policy, there is no breach of the implied covenant." *O'Keefe v. Allstate Indem. Co.*, 953 F. Supp. 2d 1111, 1115 (S.D. Cal. 2013) (citation omitted); *see, e.g.*, *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 251 (1992) (holding that plaintiffs failed to state a bad faith insurance claim for insurance company's failure to provide benefits where the written terms of the contract did not require benefits to be paid).

The fifth, sixth, and seventh causes of action allege nearly identical bad faith claims against Infinity, AWS, and Lithia and Toth, respectively. The gravamen of the claims is that each Defendants breached their duties of good faith and fair dealing by failing and refusing to adequately investigate before denying Plaintiff's claim; unreasonably interpreting the provisions of the policy; refusing to reasonably interpret the policy provisions; failing to provide a justifiable basis for denying coverage; knowingly withholding payments due; misrepresenting the policy provisions; failing to attempt to settle Plaintiff's claims; compelling Plaintiff to hire counsel and incur legal fees to recover benefits owed; fraudulently evaluated Plaintiff's claims by ignoring grounds for payment, declining to adopt findings favorable to Plaintiff; and denying the benefits. (*See* Dkt. No. 13 ¶¶ 52-56 (Infinity), 64-67 (AWS), 76-79 (Lithia and Toth).)

However, in the SAC as written, Plaintiff cannot bring a bad faith claim against Infinity or AWS because she has not plausibly alleged that either Infinity or AWS actually owed Plaintiff benefits under the contract. Instead, as discussed above in the context of Plaintiff's breach of contract claims, Plaintiff alleges that Infinity and AWS did not cover the claim due to a contractual exclusion that prohibited recovery for loss of the car when a non-covered driver, including a resident family member, was driving the car and caused the loss. While Plaintiff

alleges generally that there is "contrary evidence" to this interpretation, she does not include any facts to support this conclusory allegation; without more, the Court cannot plausibly infer that Plaintiff's claim was, in fact, covered. Thus, the SAC alleges that the terms of Plaintiff's written contract specifically excluded from coverage the particular situation for which Plaintiff sought benefits. Thus, as in *Gasnik*, Plaintiff has no cause of action for bad faith against Infinity and AWS.

Nor has Plaintiff stated a bad faith claim against Lithia and Toth. Notably, the language of the bad faith cause of action against these two defendants is identical to the claim against the two insurers. But the written purchase contract between Lithia and Plaintiff (signed by Toth) did not contain any term requiring Lithia or Toth to investigate, determine, or provide insurance benefits in the event of a collision. (*See* Dkt. No. 9-1.) Thus, the SAC does not plausibly allege that Lithia or Toth actually owed Plaintiff any insurance benefits under any policy, which is fatal to a bad faith insurance claim. *See Love*, 221 Cal. App. 3d at 1151. Nor does the SAC plausibly allege any breach of the implied covenant of good faith and fair dealing with respect to the written actual written purchase agreement between the parties; there are no factual allegations explaining how or why Lithia or Toth frustrated any terms of that contract. Thus, as written, the SAC fails to state a claim for breach of the implied covenant of good faith and fair dealing against Lithia or Toth and must be dismissed pursuant to Section 1915(e)(2).

C.   *Negligence*

The elements of a negligence cause of action under California law are (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *Paz v. California*, 22 Cal. 4th 550, 557-58 (2001). Whether a duty of care exists is a question of law for the court. *Butcher v. Truck Ins. Exch.*, 77 Cal. App. 4th 1442, 1451 (2000).

The negligence claims against Infinity, AWS, and Lithia are identical. They all allege that these Defendants breached their duty to explain the coverage provisions, claims procedures, and payment processing procedures. (Dkt. No. 13 ¶¶ 88, 93, 98.) These allegations are sufficient to pass Section 1915 review without prejudice to Defendants moving to dismiss for failure to state a claim.

1       D.     *Business & Professions Code Sections 17200 & 17500*

2       The eleventh and twelfth causes of action, alleged against Infinity, AWS, and Lithia, are for violation of California Business and Professions Code Section 17200, known as California's Unfair Competition Law ("UCL"), and Section 17500, California's False Advertising Law. Section 17500 prohibits the use of any untrue or misleading statement in selling personal property or services, including false or misleading *oral* statements. *See People v. Dollar Rent-A-Car Sys., Inc.*, 211 Cal. App. 3d 119, 128-29 (1989) (citation omitted). To recover under that section, a plaintiff need only allege that members of the public are likely to be deceived. *Id.* To bring a claim for violation of Section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). "False and misleading representations necessarily constitute unfair business practices within the meaning of that statute." *Dollar Rent-A-Car*, 211 Cal. App. 3d at 129 (citations omitted); *see also Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) ("[A]ny violation of the false advertising law . . . necessarily violates the UCL.") (citation omitted). Whether a statement, representation, or advertisement is deceptive is usually a question of fact. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-39 (9th Cir. 2008).

      Plaintiffs allege that Lithia, Infinity, and AWS made misrepresentations "via statements, their circular, and solicitation materials" that the insurance she purchased would cover the type of automobile accident for which Plaintiff sought insurance benefits. (*See* Dkt. No. 13 ¶¶ 103-105.) Plaintiff also alleges that the provisions of the insurance policy itself were misleading and/or deceptive as to the coverage provided. (*Id.*) These allegations are sufficient to pass Section 1915 review without prejudice to Defendants moving to dismiss for failure to state a claim.

## CONCLUSION

      For the reasons described above, Plaintiff has cured the jurisdictional defects identified in her earlier complaints and met her burden of establishing subject matter jurisdiction for the purposes of Section 1915 review. However, as written, the SAC only plausibly alleges some causes of action. Specifically, the causes of action for breach of contract against Lithia and Toth,

for negligence against all Defendants, and for violations of Business and Professions Code Sections 17200 and 17500 against all Defendants are sufficient to pass Section 1915 review without prejudice to Defendants moving to dismiss for failure to state a claim.  However, Plaintiff's breach of contract causes of action against Infinity and AWS and her breach of the implied covenant of good faith and fair dealing causes of action against all Defendants fail to state a claim for the purposes of Section 1915 review and may not proceed to service.

Plaintiff may file a Third Amended Complaint ("TAC") by December 4, 2015 to cure the defects identified above.  If Plaintiff files a TAC, the Court will review the amended claims under Section 1915.  If Plaintiff opts not to file a TAC by that deadline, the Court will order the Marshal to proceed to service on the SAC as written, though Defendants will only be bound to answer the claims that have passed Section 1915 review as identified in this Order.

**IT IS SO ORDERED.**

Dated: November 20, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge