UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER RE: DEFENDANTS LITHIA'S AND INFINITY'S MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 31, 40 |

This matter involves insurance claims arising from an automobile collision. Plaintiff Arryanne Moss ("Plaintiff") brings this action against Defendants Infinity Insurance Company ("Infinity"), Automobile Warranty Services Insurance Company ("AWS"), Lithia Chrysler, Jeep, Dodge of Santa Rosa ("Lithia"), and Charlotte Toth ("Toth"). (Dkt. No. 1.) Now pending before the Court are Lithia's and Infinity's motions to dismiss Plaintiff's Third Amended Complaint ("TAC"). (Dkt. Nos. 15, 31, 40.) Having considered the parties' written submissions, and having had the benefit of oral argument on July 7, 2016, the Court dismisses Plaintiff's seventh cause of action with prejudice, and dismisses Plaintiff's eleventh and twelfth causes of action with leave to amend. Additionally, the Court GRANTS Infinity's motion and dismisses Plaintiff's first, fifth, and eighth causes of action with prejudice, and dismisses Plaintiff's eleventh and twelfth causes of action with leave to amend.

**BACKGROUND**

The factual background of this matter was addressed in the Court's Orders dismissing the earlier complaints and allowing the TAC to proceed to service. (*See* Dkt. No. 17 at 1-4; Dkt. No. 14 at 1-2; Dkt. No. 12 at 1-4; Dkt. No. 7 at 1-2). The Court will not reiterate the factual allegations here and instead incorporates the factual background of the earlier Orders in full.

The TAC alleges twelve causes of action against Defendants Infinity, AWS, Lithia, and Toth. (Dkt. No. 15.) The first four causes of action allege breach of contract against Infinity, AWS, Lithia, and Toth, respectively. The next three allege breach of the implied covenant of good faith and fair dealing against Infinity, AWS, and, together, Lithia and Toth, respectively. The Court previously dismissed the seventh cause of action, which alleges breach of the implied covenant of good faith and fair dealing against Lithia and Toth, without leave to amend in its Order reviewing the TAC. (Dkt. No. 17 at 4.) The eighth, ninth, and tenth causes of action allege negligence against Infinity, AWS, and Lithia, respectively. The eleventh cause of action makes a claim under California Business & Professions Code Section 17200—the Unfair Competition Law—against Infinity, AWS, and Lithia, collectively. The final cause of action a claim under California Business & Professions Code Section 17500—false or misleading statements in advertising—against Infinity, AWS, and Lithia, collectively. Plaintiff seeks damages, including compensatory, special, and punitive damages. (Dkt. No. 15 at 23.) Lithia and Infinity now move the Court to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 31, 40.)

## DISCUSSION

### I. Lithia's Motion to Dismiss

Lithia moves to dismiss each cause of action that Plaintiff alleges against it. (Dkt. No. 31.) Specifically, Lithia contends that: (1) the breach of contract claim is barred by the statute of limitations; (2) the cause of action for breach of implied covenant of good faith and fair dealing was properly dismissed by the Court in its previous order; (3) the negligence cause of action is barred by the statute of limitations and should also be dismissed because Lithia, as a car dealership and not an insurance provider, had no duty to Plaintiff regarding her insurance policies; (4) the claims for violations of California Business and Professions Code §§ 17200 and 17500 should be dismissed because Plaintiff failed to meet the specificity requirement under Federal Rule of Civil Procedure Rule 9(b); and (5) all claims against Lithia should be dismissed because Plaintiff has not established an agency relationship between Lithia and any of the other defendants.

**A.     Breach of Contract**

The Court previously noted that "Plaintiff's breach of contract causes of action against Lithia and Toth sound in breach of an *oral agreement*." (Dkt. No. 14 at 7 (emphasis added); *see* TAC ¶¶ 34-43.) Specifically, Plaintiff alleges that Lithia and Toth orally promised that AWS would pay for the loss of her vehicle to the extent there was any outstanding balance on the vehicle and that Infinity would pay Plaintiff for "any loss incurred as a result of an accident involving Plaintiff's new vehicle." (*Id.* ¶¶ 35-36.) Plaintiff claims that Lithia and Toth "breached their oral promises . . . to cover Plaintiff's losses, in the event that there later arose any difficulty receiving the benefits of the policies which [they] actively persuaded Plaintiff to purchase" when they failed to assist Plaintiff secure the "benefits due [to] her." (*Id.* ¶ 41.)

California law provides that a breach of oral contract is subject to a two-year statute of limitations. Cal. Civ. Pro. Code § 339(1). The clock starts running on a breach of oral contract at the time of the breach. *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1124 (1997); *Parker v. Walker*, 5 Cal. App. 4th 1173, 1190 (1992) (statute of limitations begins to run when the oral contract is rejected). Lithia argues that breach of the oral contact occurred around the time of the accident, September 2012, and that Plaintiff's claim for breach of contract, brought in July 2015, is thus barred by the two-year statute of limitations. (Dkt. No. 31 at 5.) However, there are no facts pled in the TAC indicating when Plaintiff sought payment from Lithia or when Lithia denied any benefits due to Plaintiff. The Court cannot conclude, based on this record, that Lithia's breach necessarily occurred outside of the statute of limitations. Rather, because the allegations in the TAC must be construed in the light most favorable to Plaintiff, *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and because the TAC is silent as to when the actual breach occurred, the Court must infer for purposes of Lithia's motion that the alleged breach occurred within two years of Plaintiff's filing of this action.[1] Accordingly, the Court denies Lithia's motion to dismiss Plaintiff's third cause of action.

---

[1] Plaintiff separately contends that a four-year statute of limitations applies under California Code of Civil Procedure § 337.1 because Lithia also breached a written "sales contract"—*i.e.*, the Retail Installment Sales Contract when Lithia sold the 2012 Jeep Liberty to Plaintiff (*see* Dkt. No. 9-1)—"'by failing to assist Plaintiff to secure the benefits due her.'" (Dkt. No. 44 at 5 (quoting TAC

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

The Court previously dismissed Plaintiff's seventh cause of action for breach of implied covenant and fair dealing against Lithia and Toth. (Dkt. No. 17 at 4.) Plaintiff concedes this point. (Dkt. No. 44 at 6.) Accordingly, the Court grants Lithia's motion to dismiss the seventh cause of action with prejudice.

### C. Negligence

Plaintiff alleges that Lithia had a duty to act "competently, promptly and in the highest good faith with regard to the [insurance] application, the specific coverage provisions and exclusions and the claims process." (TAC ¶ 97.) She argues that Lithia was negligent and breached its duty when it failed to explain the coverage provisions, the claims procedures, and the payment processing procedures, and this breach occurred when she made the demand for assistance. (*Id.* ¶¶ 40-41, 98.) As a result of that breach, Plaintiff suffered "monetary damage [] for denial of her claim under the [insurance] policies" as well as "anxiety, worry, mental and emotional distress." (*Id.* ¶¶ 99-100.)

The elements of negligence under California law are: "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 834 (1992) (internal quotation marks and citation omitted). The statute of limitations for a negligence claim is two years. Cal. Civ. Code § 339(1); *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1154 (2004) (finding that an insurance coverage negligence claim is a claim of "professional negligence and is governed by the two-year statute of limitations set forth in [S]ection 339, subdivision 1 of the [California] Code of Civil Procedure"); *Osei v. Countrywide Home Loans*, 692 F. Supp. 2d 1240, 1251 (E.D. Cal. 2010).

---

¶ 41).) As the Court previously noted, however, "the written purchase contract between Lithia and Plaintiff (signed by Toth) did not contain any term requiring Lithia or Toth to investigate, determine, or provide insurance benefits in the event of a collision." ((Dkt. No. 14 at 6-7 (citing Dkt. No. 9-1).) And Plaintiff's TAC does not identify any term in the written contract that Lithia breached. Thus, the Court rejects Plaintiff's argument that a four-year statute of limitations applies with respect to its breach of contract claim against Lithia.

1    Lithia first argues that the negligence claim is barred by the statute of limitations because
2    Plaintiff filed suit more than two years after Lithia allegedly breached a duty to Plaintiff. (Dkt.
3    No. 31 at 6.) As with the oral contract claim, the TAC contains no factual allegations regarding
4    when Lithia allegedly breached its duty. Because the Court must construe all allegations in the
5    light most favorable to Plaintiff, *see Sprewell*, 266 F.3d at 988, the Court cannot conclude at this
6    juncture that the claim is barred by the statute of limitations as a matter of law.

7    Lithia additionally contends that the negligence claim fails because Lithia, as a car
8    dealership and not an insurance provider, owed no duty to Plaintiff with respect to the insurance
9    policy. (Dkt. No. 51 at 6.) However, drawing all inferences in Plaintiff's favor, the Court finds it
10   plausible to infer that Lithia, by and through its employee Toth, acted as more than simply a car
11   dealership. For example, prior to arriving at Lithia on July 9, 2012, Plaintiff had never heard of
12   the insurance company Infinity. (TAC ¶ 20.) On that day, Toth convinced Plaintiff to purchase
13   insurance from Infinity and aided her in doing so—specifically, Toth aided Plaintiff with the
14   insurance application process and even made the first payment for the insurance policy on behalf
15   of Plaintiff. (*Id.*) And when Plaintiff left Lithia that day with her newly-purchased Jeep Liberty,
16   she also had effective insurance on the vehicle as well. (*Id.*) The Court thus declines to conclude
17   as a matter of law that Lithia did not owe a duty to Plaintiff.

18   For these reasons, Court denies Lithia's motion to dismiss the tenth cause of action for
19   negligence against Lithia.

20   **D.    Violation of California's UCL, Bus. & Prof. Code § 17200**

21   To bring a claim for a violation of Section 17200 of California's Unfair Competition Law
22   ("UCL"), "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or
23   practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James*
24   *Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Cal. Bus. & Prof. Code § 17200). Thus,
25   to state a claim under Section 17200, a plaintiff must establish that the practice is (1) unlawful
26   (i.e., is forbidden by law), (2) unfair (i.e., harm to victim outweighs any benefit) or (3) fraudulent
27   (i.e., is likely to deceive members of the public). A plaintiff only needs to establish a violation of
28

the UCL under one of these three prongs, as each operates independently from the others. *See State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1093, 1102 (1996).

UCL claims alleging fraudulent business practices, under the third prong, trigger a heightened pleading requirement; in addition to the general pleading requirements set forth in Rule 8, a plaintiff alleging fraud must allege "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Thus, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

It is unclear from Plaintiff's allegations which prong her UCL claim falls under. (*See* TAC ¶¶ 101-105.) For this reason, the Court dismisses the eleventh cause of action for violation of the UCL with leave to amend. At oral argument, counsel for Plaintiff indicated that she was proceeding under the "unfair" and "fraudulent" prongs; Plaintiff should state as such in her new amended complaint. Furthermore, if Plaintiff is indeed proceeding under the "fraudulent" prong, her UCL claim, as currently pled, provides insufficient detail under Rule 9(b). Plaintiff claims that "[b]ased upon the representations via statements, circular and solicitation materials [Lithia made] . . . , Plaintiff agreed to purchase [] insurance." (TAC ¶ 103; *see also* Dkt. No. 44 at 8.)

However, the TAC does not provide any detail regarding the allegedly misleading statements, such as what specific statements were made, who made the statements, when those statements were made, or how Plaintiff relied upon those statements. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("[M]ere conclusory allegations of fraud are insufficient."); *Kearns*, 567 F.3d at 1126 (finding that because the plaintiff did not "specify what the television advertisements or other sales material specifically stated," did not "specify which sales material he relied upon," and did not "specify who made [a certain] statement or when this statement was made," he "failed to plead his averments of fraud with particularity."). In order to sufficiently plead a Section 17200 violation against Lithia, Plaintiff must meet the requirements of one of these three prongs. Thus, if proceeding under a theory of fraud, Plaintiff must provide this additional detail in her amended complaint.

### E. Violation of Business and Professions Code § 17500

California's False Advertising Law ("FAL") makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ." Cal. Bus. & Prof. Code § 17500; *see also People v. Dollar Rent-A-Car Sys., Inc.*, 211 Cal. App. 3d 119, 128-29 (1989) (providing that Section 17500 prohibits the use of any untrue or misleading statement in selling personal property or services, including false or misleading oral statements). Courts have interpreted this provision "broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985). Generally, whether the public has been or will be misled is a factual question that cannot be resolved on a motion to dismiss. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998). However, "[g]eneralized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely, and hence are not actionable." *Anunziato v. eMachines Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (citing *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1005 (9th Cir. 2003)).

The amount of specificity required in alleging a Section 17500 claim depends on the nature of the allegations. While fraud is not an essential element of a Section 17500 claim, if a plaintiff does allege fraud as the basis for the violation of Section 17500, the claim is subject to Rule 9(b)'s heightened pleading requirement. *Vess*, 317 F.3d at 1105. If that requirement is not met, the court must disregard the fraud allegations to determine whether a claim has been stated under the notice pleading standards of Rule 8(a). Under that standard, a Section 17500 claim must be alleged with "reasonable particularity." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Here, Lithia contends that Plaintiff's Section 17500 claim against it sounds in fraud and is thus subject to the Rule 9(b) heightened pleading standard. (Dkt. No. 31 at 7.) However, the Court need not presently decide whether the heightened standard applies because Plaintiff has not met even the more liberal Rule 8 requirements. Plaintiff fails to identify what advertisements and materials give rise to her false advertising claim and therefore does not give Lithia adequate notice of its alleged violations. *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093-94 (S.D. Cal. 2010) (finding that the failure to identify "specific advertisements, when and where they were shown, or why they were untrue or misleading . . . does not provide [defendant] with adequate notice of its alleged violations of the FAL [under either Rule 9(b) or Rule 8]."); *VP Racing Fuels, Inc. v. Gen. Petroleum*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009) ("The underlying element of a false advertising claim is some type of advertising statement.") (citation omitted); *Tayag v. Nat'l City Bank*, No. C 09-667SBA, 2009 WL 943897, at *2 (N.D. Cal. Apr. 7, 2009) (for FAL or UCL claims rooted in fraud, "[t]he content of the alleged misrepresentation is necessary to state a claim").

Accordingly, the Court grants Lithia's motion to dismiss Plaintiff's Section 17500 claim with leave to amend. In her amended complaint, Plaintiff must clearly identify the specific statements on which her claim is based and, if Plaintiff is alleging fraud, must meet Rule 9(b)'s heightened pleading requirements.

**F.  Agency**

"An agent is one who 'act[s] on the principal's behalf and subject to the principal's control.' To form an agency relationship, both the principal and the agent must manifest assent to

8

the principal's right to control the agent." *United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (internal citations omitted); *see also Scott v. Ross*, 140 F.3d 1275, 1280 (9th Cir. 1998) ("To incur liability the agent must be acting on the parent's behalf, within the scope of its authority as agent."). Lithia contends that it should be dismissed from this case completely because Plaintiff has not adequately alleged an agency relationship between Lithia and either Infinity or AWS. (Dkt. No. 31 at 8-9.) Regarding agency, Plaintiff alleges that she "is informed and believes, and thereon alleges that at all times mentioned herein, each of the defendants was the agent of the remaining defendants and in doing things herein alleged, was acting within the course and scope of such agency." (TAC ¶ 6.) At oral argument, Plaintiff agreed that she could provide additional facts to support her agency allegation. Because the Court is already granting Plaintiff leave to amend, Plaintiff should allege additional agency facts in her new amended complaint.

However, the lack of an alleged agency relationship does not require dismissal of all of Plaintiff's causes of action against Lithia. For example, Plaintiff's breach of contract and negligence claims against Lithia arise from her direct interactions with Lithia and Toth; those claims do not require any sort of agency relationship with Infinity or AWS. And with respect to the violations of Sections 17200 and 17500, the TAC currently alleges that *each* of the Defendants, on its own, made false and misleading statements to Plaintiff. (TAC ¶ 103 ("In selling insurance to Plaintiff, Defendants LITHIA and INFINITY and AWS, *and each of them*, and their agents, engaged in misleading statements.") (emphasis added); ¶ 108 ("In selling insurance to Plaintiff, Defendants LITHIA and INFINITY and AWS, *and each of them*, on their own, and by and through their agents, engaged in false and misleading statements.") (emphasis added)).

The Court denies Lithia's motion to dismiss all causes of action for Plaintiff's failure to adequately allege agency.

**II.   Infinity's Motion to Dismiss**

Infinity also moves to dismiss each cause of action that Plaintiff alleges against it. (Dkt. Nos. 40, 41.) Specifically, Infinity seeks dismissal of: (1) the first cause of action for breach of contract because Infinity did not breach any terms of the insurance contract with Plaintiff; (2) the

9

fifth cause of action for breach of implied covenant of good faith and fair dealing because there is no breach of the insurance contract; (3) the eighth cause of action for negligence because (a) insurance companies in California cannot be sued for negligence and (b) Infinity owed no duty to Plaintiff; and (4) the eleventh and twelfth causes of action for violations of California's Unfair Competition Law ("UCL") because (a) there is no breach of the insurance contract, (b) Plaintiff has adequate remedies at law and cannot seek equitable relief, and (c) Plaintiff has not satisfied the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

### A. Breach of Contract

The elements of a breach of contract action under California law are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff as a result of the breach. *Buschman v. Anesthesia Bus. Consultants, LLC*, 42 F. Supp. 3d 1244, 1250 (N.D. Cal. 2014) (citing *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008)).

The Court previously held that Plaintiff had sufficiently pled elements (1), (2), and (4), but that she had failed to adequately allege that Infinity breached the contract and instead appeared to allege a valid contractual basis for the denial: that the policy excluded from coverage loss caused to the insured automobile when driven by a person who resides in the policy holder's household but who is not listed or endorsed on the policy prior to use. (Dkt. No. 17 at 2.) To overcome that issue, Plaintiff alleges in the TAC that during the initial purchase of the car, when she signed up for insurance, Toth informed her that she did not need to list her minor children on the policy because they were minors. (TAC ¶ 20.) Thus, she alleges, the household exclusion that Infinity cited as a basis for withholding coverage does not actually apply. (*Id.* ¶ 28.)

The Court disagrees. Because the household exclusion applies and Infinity therefore properly withheld benefits under the written terms of the policy, Plaintiff cannot allege a claim for breach of contract against Infinity. *See State Farm Mut. Auto. Ins. Co. v. Davis*, 7 F.3d 180, 184 (9th Cir. 1993) (finding that, because insurance coverage under policy does not exist, insurer was not liable for breach of contract). Because Infinity complied with the express terms of the contract, Plaintiff's contention that she relied on statements from Toth—or, as newly asserted in

10

her opposition, statements from Infinity itself (*see* Dkt. No. 52 at 6)—cannot save her breach of contract claim. The Court expresses no opinion as to whether Plaintiff may proceed under a different legal theory, such as the estoppel theory she argued for the first time in her opposition.

Accordingly, Infinity's motion to dismiss the first cause of action for breach of contract is granted and the claim is dismissed with prejudice. Plaintiff is granted leave to amend to allege new claims, if any, arising from Toth's alleged misrepresentation.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

The Court previously concluded that Plaintiff had not pled a bad faith claim against Infinity because Plaintiff had not plausibly alleged that Infinity actually owed Plaintiff benefits under the contract and instead the allegations alleged that the terms of her written contract excluded from coverage the particular situation for which Plaintiff sought benefits. (Dkt. No. 14 at 9-10.) The Court subsequently allowed Plaintiff's claim to proceed based on the additional allegations relating to Toth's statements that Plaintiff did not need to list her minor children on the policy. (Dkt. No. 17 at 3.)

Infinity now seeks to dismiss the bad faith claim on the grounds that, under California law, an insurer cannot be liable for bad faith where it complied with the written terms of an insurance policy. (Dkt. No. 41 at 19.) The Court agrees. Under the household exclusion set forth in the written insurance policy, Infinity properly withheld benefits from Plaintiff because her son was not listed on the policy. Thus, as a matter of law, there can be no claim of bad faith against Infinity. *See, e.g.*, *O'Keefe v. Allstate Indem. Co.*, 953 F. Supp. 2d 1111, 1116 (S.D. Cal. 2013) ("Because [plaintiffs] cannot sue for bad faith without proving that benefits were withheld under the policy 'as written,' and because [plaintiffs] cannot establish that coverage existed under the express terms of the contract, there is no cause of action for breach of the implied covenant of good faith and fair dealing."); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 251 (E.D. Cal. 1992) (holding that plaintiffs failed to state a bad faith insurance claim for insurance company's failure to provide benefits where the written terms of the contract did not require benefits to be paid). The Court therefore grants with prejudice Infinity's motion to dismiss the fifth cause of action for breach of the implied covenant of good faith and fair dealing.

11

### C. Negligence

Under California law, an insured's cause of action against her insurer must be based on bad faith conduct; negligent conduct is insufficient to bring a claim against an insurer. *See Sanchez v. Lindsey Morden Claims Servs., Inc.*, 72 Cal. App. 4th 249, 254 (1999) ("negligence is not among the theories of recovery generally available against *insurers*") (emphasis in original); *Brown v. Guarantee Ins. Co.*, 155 Cal. App. 2d 679, 689 (1957) (finding that "only bad faith should be the basis of the insured's cause of action"); *see also Tento Int'l, Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 664 (9th Cir. 2000) (noting the unlikely viability of plaintiff's claim for negligent handling of its insurance claim because, in California, negligence is not among the theories of recovery generally available against insurers"); *Cobarrubias v. Allstate Ins. Co.*, No. CV-98-4136 R CWX, 1998 WL 656571, at *1 (C.D. Cal. July 10, 1998) ("The third cause of action for negligence against Allstate is barred as a matter of law because the standard for tort liability against an insurance company is bad faith, not negligence.") (citations omitted). Accordingly, the Court dismisses with prejudice Plaintiff's eighth cause of action for negligence against Infinity.

### D. Violation of California's UCL, Bus. & Prof. Code § 17200

A plaintiff may only seek equitable relief under California's UCL where she has no adequate remedy at law. *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("[T]he UCL provides only the equitable remedies of restitution and injunctive relief. A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available.") (citations omitted). Where, as here, a plaintiff can seek money damages if she prevails on claims for breach of contract or breach of the implied covenant of good faith and fair dealing, she has an adequate remedy at law. *See, e.g.*, *Gardner v. Safeco Ins. Co. of Am.*, No. 14-CV-02024-JCS, 2014 WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing UCL claim where "the money damages available to [plaintiff] in the event he prevails on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing may provide an adequate remedy [at law]"); *McAdam v. State Nat. Ins. Co.*, No. 12CV1333 BTM MDD, 2012 WL 4364655, at *3 (S.D. Cal. Sept. 24, 2012) (dismissing UCL claim with prejudice where plaintiff "has an adequate legal remedy in the form of his breach of

contract claim and does not have a legitimate claim for injunctive relief or restitution"). Such is the case even if all of plaintiff's non-UCL claims ultimately fail. *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original) (citations omitted).

Plaintiff does not dispute that she has an adequate remedy at law by way of her breach of contract claims against Infinity. Instead, she argues that she can proceed with her UCL claim because she is permitted to seek restitution. (Dkt. No. 52 at 11.) "Restitution," however, "is entirely inconsistent with the primary remedy [Plaintiff] seeks, which is payment of the policy benefits in the form of damages." *Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005). Accordingly, the Court dismisses Plaintiff's UCL claim, as against Infinity only, to the extent it is based on Infinity's alleged breach of the written contract. Plaintiff shall be given leave to amend should she seek to assert a UCL claim on an alternative basis not related to breach of the written contract. As above, any newly-pled UCL claim must identify the specific prong(s) under which Plaintiff is proceeding; to the extent Plaintiff is proceeding under the "fraudulent" prong, she must also satisfy the heightened pleading requirements of Rule 9(b).

### E.     Violation of Business and Professions Code § 17500

Plaintiff's claim against Infinity for violation of Section 17500 is dismissed with leave to amend for the same reasons articulated above with respect to Lithia.

## CONCLUSION

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART Lithia's motion to dismiss and GRANTS Infinity's motion to dismiss. To summarize, Plaintiff's first, fifth, seventh, and eighth causes of action are dismissed with prejudice. Plaintiff's eleventh and twelfth causes of action are dismissed with leave to amend. The Court denies Lithia's motion to dismiss Plaintiff's third and tenth causes of action.

Plaintiff shall file a new amended complaint within 30 days of this Order. Plaintiff is reminded that generally "an amended complaint supersedes the original complaint and renders it

without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Plaintiff must therefore reattach any documents she relies upon, such as the Retail Installment Sales Contract (Dkt. No. 9-1), to her new amended complaint.

**IT IS SO ORDERED.**

Dated: July 14, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

14