UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>    Plaintiff,<br><br>v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD DEFENDANTS**<br><br>Re: Dkt. No. 62 |

This matter involves insurance claims arising from an automobile collision. Plaintiff Arryanne Moss ("Plaintiff") brings this action against Defendants Infinity Insurance Company, Automobile Warranty Services Insurance Company, Lithia Chrysler, Jeep, Dodge of Santa Rosa, and Charlotte Toth (collectively, "Defendants"). Now pending before the Court is Plaintiff's motion for leave to amend the complaint to add an additional defendant, Insurance Answer Center, Inc. ("IAC"). (Dkt. No. 62.) Defendants have not opposed Plaintiff's motion. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Plaintiff's motion for leave to amend.

Federal Rule of Civil Procedure 15 provides that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be granted with "extreme liberality." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). In determining whether justice requires leave to amend, courts consider the five factors initially identified in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest

weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *See California ex rel. California Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

None of the five *Foman* factors weighs against granting Plaintiff leave to amend her complaint as requested. The case is in its very early stages—no parties have answered yet, with the Court having recently dismissed Plaintiff's Third Amended Complaint ("TAC") with leave to amend (*see* Dkt. No. 65), and no pretrial or trial schedule has been set. Further, given the early stages of the case, there will be no prejudice to any parties if Plaintiff is granted leave to amend to add an additional defendant. Accordingly, for good cause shown, the Court GRANTS Plaintiff's motion for leave to amend the complaint to identify IAC as an additional party. Plaintiff shall include any allegations relating to IAC in her new amended complaint to be submitted in response to the Court's prior order dismissing the TAC.

**IT IS SO ORDERED.**

Dated: August 5, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge