UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 82 |

This matter involves insurance claims arising from an automobile collision. Plaintiff Arryanne Moss brings this action against Defendants Infinity Insurance Company, Automobile Warranty Services, Inc., Lithia Chrysler Jeep Dodge of Santa Rosa, Insurance Answer Center, Inc. ("IAC"), and Charlotte Toth. The Court previously reviewed multiple iterations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and ultimately concluded that the Third Amended Complaint was sufficiently pled to proceed to service. (Dkt. No. 14.) Before that, the Court had reviewed the Second Amended Complaint ("SAC") and determined that Plaintiff had adequately pled for the purposes of Section 1915 review subject matter jurisdiction based on diversity of citizenship. (Dkt. No. 12 ("Section 1915 Order").) Now pending before the Court are Lithia and Toth's motion to dismiss the Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), Infinity's motion to strike, and IAC's motion to dismiss pursuant to Rule 12(b)(1). (Dkt. Nos. 71, 70, 73, 82.) Infinity, Lithia, and Toth have all joined IAC's motion. (Dkt. Nos. 85, 86.)

**BACKGROUND**

IAC contends that Plaintiff has failed to meet her burden to establish subject matter jurisdiction based on diversity of citizenship in the FAC, and in particular that the FAC fails to

allege complete diversity. In her opposition, Plaintiff relied solely on the Court's Section 1915 Order as authority demonstrating that diversity of citizenship is adequately pled. (Dkt. No. 87 at 3.) In its reply, IAC submitted for the first time a Request for Judicial Notice asking the Court to consider evidence related to Plaintiff's state of citizenship. (Dkt. No. 88; *see* Dkt. No. 89 at 3.) Given Plaintiff's misunderstanding and that new evidence, the Court permitted Plaintiff to file a supplemental opposition addressing the merits of IAC's argument without reliance on the Court's Section 1915 Order as authority.[1] (Dkt. No. 96 at 3.) Plaintiff has since filed a supplemental opposition and IAC a supplemental reply. (Dkt. Nos. 98, 100.)

## LEGAL STANDARD

"Federal courts being courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). To properly allege diversity jurisdiction, there must be complete diversity—*i.e.*, each defendant must be a citizen of a different state from each plaintiff. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961). For the purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (citations omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The determination of an individual's domicile involves a number of factors including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and

---

[1] Before the Court issued its order permitting supplemental briefing, Plaintiff had filed a sur-reply. (Dkt. No. 92.) Plaintiff's sur-reply was procedurally improper: Plaintiff has no right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure, or the Court's Standing Order and Plaintiff did not obtain leave of court to file a sur-reply. *See* N.D. Cal. Civ. L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]"). Because the sur-reply was unauthorized, the Court did not rely on it in issuing its Order for supplemental briefing and does not rely on it here.

bank accounts, location of spouse and family . . . driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 749.

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242.

## DISCUSSION

To prove that the Court has diversity jurisdiction Plaintiff must establish that she was domiciled in a state other than California at the time she filed the initial complaint. *Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted). In the initial complaint Plaintiff alleged that she resided in California and did not include any allegations about citizenship. (Dkt. No. 1 ¶ 1 (alleging that she resides in Sonoma County, California).)[2] In the First Amended Complaint, after the Court identified deficiencies in the jurisdictional allegations due to lack of complete diversity (*see* Dkt. No. 7 at 4), Plaintiff alleged that she "at all times reside[d] in Sonoma County, California" but elsewhere alleged that she was a "citizen and resident of the State of Washington." (Dkt. No. 9 ¶¶ 1, 7).) In the Second, Third, and Fourth Amended Complaints Plaintiff has

---

[2] IAC has filed a request for judicial notice of a number of documents. The first eight documents are iterations of Plaintiff's complaint and the Court's Orders reviewing those complaints. (*See* Dkt. No. 88 at 2.) As these documents are all part of the Court's own docket in this matter, a formal request for judicial notice is unnecessary.

3

consistently alleged that she "is a citizen and resident of the State of Washington, and was an individual residing in the County of Sonoma, California." (Dkt. No. 13 ¶¶ 1, 7 (emphasis omitted); Dkt. No. 15 ¶¶ 1, 7; Dkt. No. 71 ¶¶ 1, 7).) The amended complaints do not state when Plaintiff stopped being a citizen of California—namely, whether she became a Washington citizen and resident before or after initiating this action. The Court need not accept as true Plaintiff's current allegation of Washington citizenship, *see White*, 227 F.3d at 1242, and the conflict among the pleadings casts it into doubt.

IAC asks the Court to judicially notice a number of other documents that it argues reflect long-term ties to California instead of Washington. First, IAC offers a copy of Plaintiff's residential lease agreement in Washington, which was a short term lease running from June 1, 2015 to November 30, 2015 and continuing on a month-to-month basis thereafter. (Dkt. No. 88-8.) While a particular lease may not be subject to judicial notice—the better practice would have been for the documents to be attached to a declaration filed in support of IAC's motion—the Court will consider the lease for the purposes of the motion, especially given that Plaintiff does not object to its consideration. The short-term nature of the lease suggests that Plaintiff did not intend to remain in Washington indefinitely.

IAC next offers a printout from the California Department of Consumer Affairs website showing a current vocational nursing license for Plaintiff through 2017. (Dkt. No. 88-1; Dkt. No. 93 at 3.) Plaintiff objects to the Court's consideration of this document but never contends that it is inaccurate in any way; to the contrary, she concedes that it shows that Plaintiff has a California nursing license. (*See* Dkt. No. 93 at 3.) She merely objects to the Court making "any other deduction from this document[.]" (*Id.*) The Court will consider the document inasmuch as it demonstrates that Plaintiff has a current California nursing license. Her nursing license leads to an inference that, at least at the time she applied for the license, Plaintiff intended to stay in California, but this inference could easily be rebutted by evidence of her attempts to become a licensed registered nurse in Washington state.

IAC next submits printouts from the Washington State Department of Health Provider Credential Search showing no nursing license—either temporary or permanent—for Plaintiff in

4

that state. (Dkt. Nos. 88-2, 88-3, 88-4.) While the Court may take judicial notice of "records and reports of administrative bodies" like state departments of consumer affairs or health, *see Mack*, 798 F.2d at 1282 (citation omitted); *see, e.g.*, *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. June 2005) (taking judicial notice of opinion of the California Department of Insurance), the Court declines to judicially notice these two documents because IAC misspelled Plaintiff's name in the search field. Plaintiff did not object to these documents on any grounds other than the misspelling. Consequently, the Court conducted its own search using the proper spelling of Plaintiff's name and there were no responsive records. The Court therefore takes judicial notice that Washington state has no record of a nursing license—either a Licensed Practical Nurse or Licensed Practical Nurse Temporary Practice Permit—for Plaintiff.[3]

IAC also asks the Court to judicially notice records of Plaintiff's prior address from WestLaw's People Finder service, which show Plaintiff's last known addresses in California according to credit reporting agencies Trans Union and Experian. (Dkt. Nos. 88-5, 88-6.) *See Wible*, 375 F. Supp. 2d at 965 (taking judicial notice of web pages). Plaintiff objects to these documents on the grounds that they do not meet the qualifications for judicial notice and they conflict with her written lease. (Dkt. No. 93 at 4.) But Plaintiff has not contested the accuracy of the documents. Over Plaintiff's objection, the Court will consider the records solely for the purpose of recognizing that two credit reporting agencies have California addresses on file as Plaintiff's last known address.

Next, IAC asks the Court to take judicial notice of a screenshot of Plaintiff's son's Facebook page dated October 28, 2016, stating that he lives in California. (Dkt. No. 88-7.) Plaintiff does not contend that this information is inaccurate—that is, that Plaintiff's son does not actually reside in California. Instead, she argues that the Court should not judicially notice the Facebook page because it "has no bearing on where Plaintiff resides." (Dkt. No. 93 at 4.) But the

---

[3] IAC also submits an allnurses.com webpage explaining that that a licensed vocational nurse in California is the same as a licensed practical nurse in Washington state. (Dkt. No. 88-4.) Plaintiff objects on the grounds that IAC has not provided any information for the Court to assess the veracity of the documents or its contents. (Dkt. No. 93 at 3-4.) The Court agrees, and will neither judicially notice nor consider the allnurses website.

residence of a Plaintiff's family member is part of the domicile consideration. *See Lew*, 797 F.2d at 749. Accordingly, the Court takes judicial notice that Plaintiff's son lists his residence in California as of October 2016.

Taken together, the record suggests that Plaintiff is domiciled in California: she has a current nursing license in California and not in Washington state, her minor son apparently lives here, and she initially alleged that she was a citizen of this state. The burden thus shifts to Plaintiff to submit affidavits or other evidence necessary to satisfy her burden of establishing domicile outside of California. *Savage*, 343 F.3d at 1039 n.2.

Plaintiff has submitted a declaration in which she avers that she moved to Washington state on May 28, 2015 and has lived there continuously since that date and intends to remain there. (Dkt. No. 99 ¶ 2.) She avers that she entered the short-term lease agreement because she wanted to be able to move to better accommodations after arriving. (*Id.* ¶ 3.) Plaintiff states that she has a driver's license, vehicle registration, medical insurance coverage, and a bank account in Washington, but she does not aver when she applied for or obtained these documents or accounts. (*Id.* ¶¶ 4-7.) Plaintiff also states that she worked in Washington at the end of 2015, received W-2 forms at her Washington home address, and paid Washington State income tax in 2015. (*Id.* ¶ 8.)

The documents that Plaintiff has submitted in support of her declaration mostly belie her contention that she was domiciled in Washington state at the time she initiated this action. Plaintiff's state medical insurance coverage card states that it became effective in October 2015. (Dkt. No. 99-1 at 2.) Her state medical services card and driver's license were not issued until September 2016. (*Id.* at 2.) Plaintiff did not apply for and obtain the vehicle title and registration certificate until October 2016. (*Id.* at 1.) In connection with its supplemental reply, IAC asks the Court to take judicial notice of the Washington State Department of Licensing's webpage describing requirements for obtaining a driver's license and car registration in the state. (Dkt. Nos. 100, 101-1.) The Court grants the request as the information is easily verifiable and Plaintiff does not object to the Court's consideration of the webpage or contend that it is in any way inaccurate. Washington state requires individuals to apply for a driver's license and register their cars within 30 days of moving to the state. (Dkt. No. 101-1.) Plaintiff did not do so until October

2016, which suggests that she had no intent to stay in Washington until the fall of 2016.

Plaintiff also attached a copy of a bank card effective through October 2019. (Dkt. No. 99-1.) But the card does not include any information about Washington or indicate when she created the account, so it does not help her case. Next, Plaintiff's W-2s list a Washington address and indicates that she worked in the state for part of 2015—she made $3,647.52 at one employer and $247.50 with another. (*Id.*) The amounts imply that Plaintiff did not work either job for very long, and the documents do not include any information to indicate that she worked there as of July 2015. (*See id.*) Finally, while they show that Plaintiff received W-2s from a Washington state employer, Plaintiff has not submitted her tax returns for 2015 indicating where she actually filed taxes, which is the relevant inquiry in determining domicile. *See Lew*, 797 F.2d at 749.

At bottom, Plaintiff never avers that she was domiciled in, or had moved with the intent to stay in, Washington state as of July 25, 2015 when she initiated this action. Her declaration only states that she moved there in May 2015 and now intends to remain there, and the Court need not accept this statement as true. *White*, 227 F.3d at 1242. The lion's share of her supporting documents suggest that Plaintiff may be domiciled in Washington state as of September or October 2016, but that falls short of her burden of establishing domicile there of July 2015. *See Savage*, 343 F.3d at 1039 n2. The only document that supports Plaintiff's presence in Washington state at that time is her residential lease, but its short-term nature leaves open the question of whether she intended to remain there indefinitely.

In the exercise of its discretion, the Court orders limited jurisdictional discovery. Discovery is necessary in connection with a factual attack on subject matter jurisdiction "if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity." *St. Clair*, 880 F.2d at 202. Jurisdictional discovery shall be limited to facts relevant to Plaintiff's domicile, including but not limited to her then-current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, driver's license and automobile registration, and payment of taxes, during the time period up to the filing of the initial complaint. *See Lew*, 797 F.2d at 749. In addition to written discovery on these topics, IAC is entitled to take Plaintiff's deposition.

# CONCLUSION

For the reasons described above, the Court orders limited jurisdictional discovery to commence the date of this Order and to be completed by January 12, 2017. Following this limited discovery period, the parties shall file further supplemental submissions addressing subject matter jurisdiction. Plaintiff shall file a supplemental submission addressing her deposition testimony and submitting any other documentary evidence of domicile by January 19, 2017. IAC shall file a supplemental reply by January 26, 2017. An evidentiary hearing, if necessary, is scheduled for February 2, 2017. If the Court concludes that an evidentiary hearing is unnecessary, the matter will be deemed fully submitted once the Court receives the parties' supplemental submissions.

As to the remaining motions to dismiss for failure to state a claim, the Court will re-schedule oral argument and set a case management conference, if necessary, once it resolves the subject matter jurisdiction question, as absent jurisdiction the Court has no authority to address the substance of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: December 9, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge