UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRYANNE MOSS,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-03456-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 82 |

This matter involves state-law insurance claims arising from an automobile collision. Plaintiff Arryanne Moss ("Plaintiff") brings this action against Defendants Infinity Insurance Company ("Infinity"), Automobile Warranty Services, Inc. ("AWS"), Lithia Chrysler Jeep Dodge of Santa Rosa ("Lithia"), Insurance Answer Center, Inc. ("IAC"), and Charlotte Toth ("Toth").

Now pending before the Court is IAC's motion to dismiss pursuant to Rule 12(b)(1). (Dkt. 82.) Infinity, Lithia, and Toth have all joined IAC's motion. (Dkt. Nos. 85, 86.) Defendants contend that the Court lacks diversity jurisdiction because at the time the lawsuit was filed Plaintiff was domiciled in California. While IAC was not a party to the original complaint, Lithia was named as a defendant in the original suit and is a citizen of California. (Dkt. Nos. 1, 68.) Having carefully reviewed the supplemental briefs and evidence regarding Plaintiff's domicile, and having held a hearing on May 25, 2017, the Court finds that as of the filing of the complaint in this action—July 25, 2015—Plaintiff was domiciled in California. The Court lacks subject matter jurisdiction and therefore GRANTS IAC's motion to dismiss.

## BACKGROUND

The Court previously reviewed multiple iterations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). First, the Court dismissed Plaintiff's initial complaint for failure to allege

subject matter jurisdiction because Plaintiff alleged she was a citizen of California and failed to allege the citizenship of any of the defendants, let alone that they were diverse from Plaintiff. (Dkt. No. 7 at 5:8-11.) Next, the Court dismissed Plaintiff's First Amended Complaint ("FAC"), again for failure to allege subject matter jurisdiction, due to Plaintiff's flawed citizenship allegations for both Plaintiff and Defendants. The FAC alleged Plaintiff resided in Sonoma County, California, but elsewhere Plaintiff alleged that she is both a citizen and resident of the State of Washington. (Dtk. No. 9 ¶¶ 1, 7; Dtk. No. ¶ 9-1 at 2.) Toth was alleged to be a resident of Oregon and California. (Dtk. No. 9 ¶ 5.) Plaintiff further failed to allege enough facts from which the Court could assess the citizenship of the four entity defendants. (Dtk. 12 at 9:22-24.) Accordingly, the Court dismissed the FAC for failure to establish a basis for subject matter jurisdiction. (*Id*. at 10:2-3.)

The Court subsequently dismissed the Second Amended Complaint ("SAC") for Plaintiff's failure to adequately allege her breach of contract and implied covenant of good faith and fair dealing claims. (Dtk. No. 14 at 12:3-6.) The Court did find that Plaintiff sufficiently alleged subject matter jurisdiction for the purposes of Section 1915 review as Plaintiff represented she is a resident and citizen of Washington State although she resided in California at the time of the events at issue, and each defendant was alleged to be a citizen of a state different from Plaintiff's alleged Washington State citizenship. (*Id*. at 11:25-27.) The Court stated that its "determination [was] without prejudice to Defendants raising lack of subject matter jurisdiction after service." (*Id*. at 5:6-8.) In her Third Amended Complaint ("TAC") Plaintiff cured the defects to her contract and good faith and fair dealing claims; therefore the Court concluded that the TAC was sufficiently pled to proceed to service. (Dkt. No. 17.)

After the defendants were served, IAC moved to dismiss Plaintiff's complaint due to a lack of complete diversity of citizenship. IAC contended that Plaintiff is a citizen of California as are defendants IAC, Lithia, and Toth. Plaintiff opposed IAC's motion to dismiss and cited the Court's Section 1915 Order as authority to demonstrate that she had sufficiently pled diversity of citizenship. (Dkt. No. 87 at 3.) As the Court had not finally decided its subject matter jurisdiction on its ex parte Section 1915 review of the various iterations of Plaintiff's complaint, and indeed,

had specifically stated that the defendants could challenge jurisdiction, the Court directed Plaintiff to file a supplemental opposition to IAC's motion to dismiss that substantively addressed IAC's arguments. (Dkt. No. 96 at 3:18-20.) Following review of the pleadings, the Court ordered limited jurisdictional discovery on facts relevant to Plaintiff's domicile and allowed IAC to take Plaintiff's deposition. (Dkt. No. 103 at 7:20-28.) By stipulation of the parties, the Court ordered Plaintiff to file her supplemental brief by May 8, 2017 and Defendants' to file their response by May 18, 2017. (Dkt. No. 114 at 1.) The Court heard oral argument on May 25, 2017.

## LEGAL STANDARD

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *White*, 227 F.3d at 1242). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242.

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that each defendant must be a citizen of a different state from each plaintiff. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331.

For the purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750

(1986) (citation omitted). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (citations omitted). The determination of an individual's domicile involves a number of factors including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family ... driver's license and automobile registration, and payment of taxes." *Id.* at 749.

A person's old domicile is not lost until a new one is acquired. *Id.* Indeed, there is a presumption in favor of an established domicile as opposed to a newly acquired one. *Id.* A change in domicile requires: (a) physical presence at the new location; and (b) an intention to remain there indefinitely. *Id.* A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Lew*, 797 F.2d at 750. Plaintiff, as the party asserting diversity jurisdiction, bears the burden of proof. *Id.* at 751. She also bears the burden of production given that it is her domicile that is at issue. *Id.*

**DISCUSSION**

Defendant Lithia is a California citizen.[1] Therefore, Plaintiff must prove she was domiciled in Washington on or before July 27, 2015 – the day she filed her complaint – for her case to survive. *See Lew*, 797 F.2d at 750. Plaintiff contends she moved to Washington in May 2015 to move in with her boyfriend with whom she had maintained a long distance relationship for the previous year. Plaintiff has proven that she lived in Washington as of July 27, 2015, but she has failed to satisfy her burden to prove by a preponderance of evidence that as of that date she had moved there permanently or indefinitely.

---

[1] IAC contends that Plaintiff alleges that it, Lithia, and Toth are also California citizens. IAC, however, was added to the action by the Fourth Amended Complaint; Plaintiff did not sue it in the original complaint. (Dkt. Nos. 1, 68.) Since Defendants' motion is premised on Plaintiff's citizenship at the time of the filing of the original complaint, IAC'S citizenship is irrelevant to this analysis. (Dkt. No. 122 at 7:9-28.) As for Toth, the Fourth Amendment Complaint alleges that Toth is a citizen and resident of Oregon, not California. (Dkt. No. 68 at ¶ 5.) Lithia, however, which is a California car dealership, is indisputably a California citizen. (Dkt. No. 68 at ¶ 4.)

4

The objective facts support a finding that Plaintiff was not domiciled in Washington as of July 27, 2015:

1. When Plaintiff moved to Washington she only brought what would fit in her car; she left her belongings in storage in California at a cost of $110 a month where they still reside to this day. (Dkt. 117-1 at 9 pgs. 30-32; Dkt. No. 117-1 at 17 pg. 65:12-16.)
2. Plaintiff's minor children continued to reside in California with their father and grandmother where they still live today. (*Id*. at 5 pg. 14:25, pg. 121:9-25, pg.162.)
3. Plaintiff did not open a bank account in Washington until October 2015. (*Id*. at 35 pg. 137:21-25, pg. 138:1-3.)
4. Plaintiff did not obtain a Washington driver's license until October 2016. (*Id*. at 20 pg. 77:16-17.)
5. Plaintiff did not register her car in Washington until October 2016. (*Id*. at 25 pg. 95:1-3.)
6. There is no evidence Plaintiff registered to vote in Washington.
7. Plaintiff did not obtain a job in Washington until September 2015. (*Id*. at 81 pg. 21-23.)
8. Plaintiff did not apply for her Washington State nursing license until June 2016 (she had been a licensed nurse in California). (*Id*. at 25 pg. 94:3-11.)
9. Plaintiff travelled back and forth from California to Washington approximately six times between May 2015 and February 2017. (*Id*. at 22 pg. 84-85.)
10. Plaintiff's original complaint alleged that she was a citizen of California and made no mention of Washington State. (Dkt. No. 7 at 5:8-11.)

Based on these facts the Court finds that as of July 27, 2015, Plaintiff had not yet decided to make Washington her permanent home; she was still trying out her new living situation. *Lew*, 797 F.2d at 750. Indeed, at her deposition, when asked why she waited to obtain a bank account, driver's license and the like she stated that she had wanted to wait until she was "more established." (Dkt. No. 117-1 at 30 pg. 114:9-19.)

Plaintiff's declaration testimony is insufficient to satisfy her burden. Most of Plaintiff's declaration consists of trying to explain away the objective facts that suggest she was not domiciled in Washington. For example, Plaintiff insists that she did not set up a bank account in

5

Washington because she did not have paychecks to cash. (Dkt. No. 116 ¶ 13.) However, Plaintiff testified in her deposition that she worked in September 2015 and did not open a bank account until October 2016, although later she testified she opened the account in October 2015. (Dtk 117-1 at 28 pg. 108:10-16, pg. 137:21-25, pg. 138:1-3.) Even more confusingly, she testified that when she first began receiving paychecks she would cash them at her boss's bank (*Id.* at 28 pgs. 108:10-25, 109:1-25.), and that she did not open a bank account until October 2016. (*Id.* at 29 pg. 110:2-8.) Her subjective testimony is simply not reliable. Moreover, securing a job is not prerequisite to opening a bank account. Plaintiff also states that she did not move all of her belongings to Washington because the U-Haul company failed to process her reservation. (Dkt. No. 116 ¶ 7.) However, Plaintiff offers no explanation as to why her personal property has remained in California since her move in 2015. She also does not explain why she could not have just moved the next day if her intent was to move her personal belongings to Washington. (Dtk. No. 117-1 at 9 pgs. 30-32; *Id.* at 17 pg. 65:12-25.)

Plaintiff states she did not obtain a Washington's driver's license until September 2016 because she did not have a car. (Dtk. No. 116 ¶ 18.) However, car ownership is not required to obtain a driver's license, and the Court finds it likely that in the interim Plaintiff drove her boyfriend's car or borrowed a friend's vehicle. This is especially so given that she testified that she drove her car to Washington without having any car insurance. (Dkt. No. 117-1 at 13 pg. 46:17-24.) Further, she drove her car to Washington. And she could have obtained a Washington State identification if she felt no need for her driver's license to reflect her permanent residence.

Further, Plaintiff admits that she intended to get licensed as a nurse in Washington, but she failed to take any steps until June 2016 other than printing out some paperwork. (*Id*. ¶8.; Dkt. No. 117-1 at 25 pg. 94:3-11.) Plaintiff claims she was added to her boyfriend's lease in May 2015 but also admits she didn't sign any paperwork or become a party to the lease until November 2015. (Dtk. No. 117-1 at 33 pg. 126:12-21; *Id*. at 27 pg. 105:7-19.) The only objective fact suggesting a change in domicile as of July 27, 2015 offered by Plaintiff is her deposition testimony that sometime in June 2015 she began receiving benefits from Washington State. (Dkt. No. 117-1 at 14 pg. 50:4-8.) This fact, however, is equally consistent with mere residence in Washington as

6

opposed to a permanent change in domicile.

In sum, most of the objective facts identified by *Lew*—voter registration, bank accounts, driver's license, car registration, employment—all point away from Plaintiff having changed her domicile from California to Washington as of July 27, 2015. These facts are entitled to more weight than her subjective testimony as to her intent. *Lew*, 797 F.2d at 750. Further, her testimony is not that credible given that it is riddled with inconsistencies and implausible explanations. Accordingly, Plaintiff has failed to show by a preponderance of the evidence that her domicile changed from California to Washington as of July 27, 2015.

## CONCLUSION

As Plaintiff was not completely diverse from Defendants when she filed this action, the Court GRANTS IAC's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

This Order disposes of Docket No. 82.

**IT IS SO ORDERED.**

Dated: May 30, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge